

THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for Rick Futia

E-filing

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV  08      2543

RICK FUTIA,

    Plaintiff,

v.

WILLOW GLEN INVESTMENTS,
LLC and ASIAN GARDEN
RESTAURANT, INC.,

    Defendants.

Case No.  C 08-
Civil Rights

PVT

COMPLAINT FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF AND
DAMAGES: DENIAL OF CIVIL RIGHTS AND
PUBLIC FACILITIES TO PHYSICALLY
DISABLED PERSONS (CIVIL CODE §§ 54,
54.1 AND 55; INJUNCTIVE RELIEF PER
TITLE III, AMERICANS WITH DISABILITIES
ACT OF 1990

Plaintiff, Rick Futia, alleges:

FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
PUBLIC FACILITIES AT A RESTAURANT (Civil Code §§ 51, 54.1)

1.    Plaintiff does not have the substantial use of his legs and is a "person with a disability"

and "physically handicapped person". Plaintiff requires the use of a wheelchair for locomotion

COMPLAINT                1

and is either unable to use portions of public facilities which are not accessible to disabled

persons who require the use of a wheelchair or is only able to use such portions with undue

difficulty.

2. The "Asian Garden Restaurant", located at 905 S. Bascom Avenue, San Jose, California (the

Restaurant) is a Restaurant which is open to the public.   Defendants own, operate and/or lease

the Restaurant or the land on which it sits.

3. Summary of facts: This case involves the denial of accessible parking and sanitary facilities

to Plaintiff and others similarly situated at the Restaurant on February 15, March 29 and April

11, 2008 (the Dates).  Plaintiff was denied equal protection of the law and was denied Civil

Rights under both California law and federal law, as hereinbelow described.  Plaintiff was

denied his rights to full and equal access at the Restaurant, which made the Restaurant not

properly accessible to Plaintiff or to others similarly situated.  Plaintiff seeks injunctive relief to

require Defendants to correct the parking and restroom, to comply with ADAAG and the CBC

where required, to remove all barriers to access which are readily achievable, to make all

reasonable accommodations in policy in order to enable Plaintiff and others similarly situated to

use the Restaurant and at minimum, to use readily achievable alternative methods to enable

Plaintiff to use the goods and services which the Restaurant makes available to the non-disabled

public.  Plaintiff also seeks the recovery of damages for his personal damages involved in the

discriminatory experiences on the Dates, and seeks recovery of reasonable attorney's fees and

litigation expenses and costs according to statute.

4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq.  Pursuant to

COMPLAINT                                    2

1

2    supplemental jurisdiction, attendant and related causes of action arising from the same facts are

3    also brought under California law, including but not limited to violations of California Civil

4    Code §§ 51, 54, 54.1 and 55.

5    5.  Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact

6    that the location where Plaintiff experienced his discrimination is located in this district and

7    that Plaintiff's causes of action arose in this district.

8    6.  Intradistrict: This case should be assigned to the San Jose intradistrict because the incident

9    occurred in, and Plaintiff's rights arose in, the San Jose intradistrict.

10   7.  The Restaurant is a "public accommodation or facility" subject to the requirements of

11   California Civil Code § 51, 54, 54.1 and 55.

12   8.  Placeholder.

13   9.  Defendants are and were the owners, operators, managers, lessors and lessees of the subject

14   Restaurant at all times relevant herein.  Plaintiff is informed and believes that each of the

15   Defendants is and was the agent, employee or representative of each of the other Defendants,

16   and performed all acts and omissions stated herein within the scope of such agency or

17   employment or representative capacity and is responsible in some manner for the acts and

18   omissions of the other Defendants in proximately causing the damages complained of herein.

19   10.  Plaintiff and others similarly situated are disabled persons who require the use of a

20   wheelchair and are unable to use public facilities on a "full and equal" basis unless each such

21   facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and

22   the regulations thereof.  Under Civil Code §§ 51 and 54.1, Defendants were required to comply

23   with the requirements of the Americans with Disabilities Act of 1990 and the federal

COMPLAINT                                3

regulations adopted pursuant thereto. The acts and omissions of which Plaintiff complains took place at the Restaurant.

11. Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people with disabilities and to encourage the full and free use by people with disabilities of public facilities and other public places. CC §§ 51 and 54(c) state that a violation of the Americans with Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that individuals with disabilities are entitled to "full and equal access" to public accommodations and that such access means that which meets the standards of Titles II and III of the Americans with Disabilities Act of 1990 and federal regulations adopted pursuant thereto; CC § 52 and 54.3 state that minimum damages for discrimination are $4,000 and $1,000; CC § 54.3 states that a defendant who denies or interferes with a disabled person's rights of access is liable for actual damages and attorneys' fees.

12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public accommodations include those which are the subject of this action. On information and belief, Title 24 California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of construction and of each alteration of work, all of which occurred after July 1, 1982, thus requiring access complying with the specifications of title 24 for all such construction and for each such "alteration, structural repair or addition".

13. The Restaurant lacks sufficient accessible parking and an accessible restroom.

On each of the Dates, Plaintiff patronized the Restaurant, and was subjected to these

COMPLAINT                                        4

barriers.  The first time that Plaintiff patronized the Restaurant, he went to use the men's

restroom and determined that he couldn't fit through the door, and then went to his vehicle to

urinate in a bottle..  The next two times he patronized the Restaurant, he planned for not being

able to use its restroom.

As a result, Plaintiff was humiliated and embarrassed, all to Plaintiff's damages in an

amount according to proof.

14.  Defendants' failure to have sufficient accessible parking and an accessible men's restroom,

remove all readily achievable barriers, institute policies in furtherance of accessibility or at least

have an alternate policy to enable Plaintiff to use the goods and services offered to the non-

disabled public without having to suffer the indignities, as aforesaid, was a violation of the

California Building Code, the Americans with Disabilities Act and federal regulations adopted

pursuant thereto, and as a consequence, was a violation of Civil Code §§ 51 and 54, et seq.

15.  Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by

Defendants at the Restaurant as stated above which appear to be continuing, and which have the

effect of wrongfully excluding Plaintiff and others similarly situated from using the Restaurant.

Plaintiff frequently travels within a short distance of the Restaurant, and thus will either

continue to use the Restaurant or will refrain from using the Restaurant until the barriers are

removed.  Such acts and omissions are the cause of humiliation and mental and emotional

suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second

class citizen and serve to discriminate against Plaintiff on the sole basis that Plaintiff is a person

with a disability and requires the use of a wheelchair for movement in public places.  Plaintiff is

unable so long as such acts and omissions of Defendants continue, to achieve equal access to

COMPLAINT                          5

and use of this public facility. The acts of Defendants have proximately caused and will

continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

16. Damages: As a result of the denial of equal access to the Restaurant and due to the acts and

omissions of Defendants and each of them in owning, operating and/or leasing the Restaurant,

Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code

§§ 51, 54 and 54.1, and suffered mental and emotional distress, embarrassment and humiliation,

all to Plaintiff's damages. Defendant's actions and omissions to act constituted discrimination

against Plaintiff on the sole basis that Plaintiff was physically disabled and unable to use the

facilities on a full and equal basis as other persons. Plaintiff seeks the minimum damages of

$4,000 pursuant to CC § 52 and $1,000 pursuant to CC § 54.3, for each of the dates that he

patronized the Restaurant and for other subsequent dates when he would have patronized the

Restaurant but refrained from doing so because of its inaccessible men's restroom. Plaintiff

also seeks trebling of all of the actual damages as provided by Civil Code § 54.3.

17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been

required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order

to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled

persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks

recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§

52 and 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for

damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all

disabled members of the public, justifying "public interest" attorney's fees, litigation expenses

and costs pursuant to Code of Civil Procedure § 1021.5.

COMPLAINT                              6

18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to comply with the requirements of the Americans with Disabilities Act of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to the Restaurant; for statutory damages pursuant to CC § 52 and CC § 54.3; for actual and treble damages pursuant to CC § 54.3 and for attorneys' fees and costs pursuant to CC §§ 52, 54.3 and 1021.5.

## SECOND CLAIM FOR RELIEF:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §§ 12101 FF

19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)):

It is the purpose of this act

COMPLAINT                                    7

%JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Rick Futia

**E-filing**

**DEFENDANTS**

Willow Glen Investments, LLC and Asian Garden Restaurant, Inc.

**(b)** County of Residence of First Listed Plaintiff  San Jose
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Jose
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 690 Other | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | | [ ] 710 Fair Labor Standards Act | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | **PERSONAL INJURY** | | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | [ ] 362 Personal Injury— Med. Malpractice | | [ ] 861 HIA (1395ff) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | [ ] 365 Personal Injury — Product Liability | | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | **PERSONAL PROPERTY** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 370 Other Fraud | | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 371 Truth in Lending | | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 380 Other Personal Property Damage | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 385 Property Damage Product Liability | | **FEDERAL TAX SUITS** | |
| [ ] 290 All Other Real Property | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | |
| | [ ] 442 Employment | **Habeas Corpus:** | | |
| | [ ] 443 Housing/ Accommodations | [ ] 530 General | | |
| | [ ] 444 Welfare | [ ] 535 Death Penalty | | |
| | [ ] 445 Amer. w/Disabilities— Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | |
| | [x] 446 Amer. w/Disabilities— Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | |
| | | | [ ] 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12101

Brief description of cause:
Americans with Disabilities Act, Title III

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[ ] SAN FRANCISCO/OAKLAND    [x] SAN JOSE

DATE  5/19/08

SIGNATURE OF ATTORNEY OF RECORD